THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

JUDGE DAVID BRIONES
FILED
2009 APR 24 PM 1:50
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

) Brandon Callier
) Plaintiff,
)
)     v.                          CIVIL ACTION NO.
)
) Advanta Bank Corp.,
) TransUnion,                     **EP09CV0146**
) Experian Corp, CSC Credit
) and John/Jane Does 1-25
) Defendants.

**Plaintiff's Original Complaint and Jury Demand**

1. The Plaintiff in this case is Brandon Callier, a natural person and resident of El Paso County, with a mailing address of 6336 Franklin Trail, El Paso, TX 79912.

2. Upon information and belief, Advanta Bank Corp (hereafter: Defendant Advanta), upon information and belief, is an entity wholly owned by Advanta Corporation which is used as a conduit to issue credit cards operating from an address of 11850 South Election Road, Draper, UT 84020

3. Transunion is a consumer reporting agency as defined by the Fair Credit reporting Act (15 USC 1681) and is operating from PO Box 6790, Fullerton, CA 92834 at all times relevant to this complaint

4. CSC Credit is a consumer reporting agency as defined by the Fair Credit reporting Act (15 USC 1681) and is operating from 652 N. Sam Houston Parkway E., Houston, Tx 77060.

5. Experian Information Systems is a consumer reporting agency as defined by the Fair Credit reporting Act (15 USC 1681) and is operating from 475 Anton Blvd, Costa Mesa, CA, 92626 at all times relevant to this complaint.

1

6. Upon information and belief, John/Jane Doe's are individual employees, representatives, or agents of Defendant Advanta or another third party debt collector acting on behalf of Defendant Advanta whose true identities are unknown at this time to the Plaintiff. John/Jane Does are individuals who placed calls or caused for calls to be placed to the Plaintiff in this case and each person separately and individually violated the FDCPA.

## Jurisdiction

7. Jurisdiction of this court arises under 47 U.S.C 217(c )(3) or the Telephone Consumer Protection Act, hereafter (TCPA), The Fair Debt Collection Practices Act (hereafter FDCPA) or 15 USC 1692, the Fair Credit Reporting act or 15 USC 1681, and pursuant to 28 U.S.C 1367 for pendent state law claims.

8. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

## FACTUAL ALLEGATIONS

9. Several times throughout the months of July, August, and September of 2008, the Plaintiff received several calls on the Plaintiff's cell phone and house phone from agents or employees of Defendant Advanta which caused the Plaintiff to incur charges for the calls. Upon information and belief, each and every call used an automated telephone dialing system and an artificial or prerecorded voice. Upon information and belief, each and every call was a willful and knowing action by the Defendants.

10. Many of the Defendant's refused to directly identify the entity or company that they actually worked for, but did suggest that they were an outsourced company, or worked for Advanta, or were a third party, or were calling on behalf of Advanta. The impression that a reasonable person would come away with is that they were speaking directly to Defendant Advanta but this is a false or misleading

representation likely to deceive an unsophisticated person as at least one caller, was actually working for a third party debt collector when they placed the phone calls. Some of the callers stated that they were calling from India. Upon information and belief, the defendants did not ever state their true business name when calling in violation of 15 USC 1692(e)(14) and the Texas Finance Code 392.304(19).

11. By stating that they worked for Defendant Advanta and giving out Advanta's phone number as their own, the Defendants made a false or misleading representation likely to deceive an unsophisticated person in violation of both the FDCPA, 15 USC 1692(e) and the Texas Finance Code 392.304(19).

12. By not disclosing their true business name, the Defendants violated the FDCPA, 15 USC 1692(e)(14).

13. In multiple calls, the representatives of Defendant Advanta stated that the Plaintiff's interest rate could not be lowered because he was not late enough or showing enough signs of distress in July.

14. The Defendants placed multiple harassing phone calls to the Plaintiff's house phone despite his repeated objections and directions to call him directly on his cell phone, although these directions did not constitute consent to automated telephone calls or pre-recorded messages. These harassing phone calls to his house caused a loss of consortium, marital strife, and mental anguish on the part of the Plaintiff and his wife.

15. In August of 2008, the Plaintiff spoke to, upon information and belief, Gary Motterman, one representative of a third party debt collector. This agent of Defendant Advanta promised to modify the terms of the agreement that were previously modified by an increase in the interest rate specifically by lowering the Plaintiff's interest rate to what was originally agreed upon, waiving any and all additional fees and interest, if the Plaintiff would bring the account current, and

3

based on this inducement and pursuant to these contract modification terms, payment was arranged for August 19, 2008. The Plaintiff had offered to pay sooner than that, but these offers were refused and the Plaintiff was told to wait until the account was "delinquent enough" to make payment.

16. On or about August 17th of 2008, the Plaintiff placed a call to Defendant Advanta to confirm agreement made with Gary Motterman. The representative stated that they had no record of the previous agreement or contract modification, although there was a record of the conditioned payment, but not of the conditioned payment arrangements to lower the Plaintiff's interest rate and waive his late fees and finance charges. Based on this deceptive misrepresentation by Gary Motterman, the Plaintiff revoked authorization for the payment. Despite having no authorization to take money from the Plaintiff, Defendant Advanta still processed the payment without authorization by the Plaintiff, which constitutes theft of the Plaintiff's property.

17. On or about September 11, 2008, the Plaintiff received a call from a representative of Defendant Advanta named Wendy. Wendy promised to lower the Plaintiff's interest rate if he made a payment. The Plaintiff agreed to this, but instead of taking this new representative at her word and bearing in mind the previous actions taken by Defendant Advanta, the Plaintiff asked for this new "contract modification" in writing, which she refused.

18. The Plaintiff also asked that Wendy stop contacting his friends and relatives to which she replied that Defendant Advanta can contact anyone it wants, at any time it wants in reference to this account. Pursuant to this statement, repeated calls were made to the Plaintiff's friend a Craig Cunningham over the same time frame, for which this individual has filed suit in the Northern District of Texas for similar harassing calls and behavior under case number: 3:08-cv-01794-K-BH.

19. Several days after this call with Wendy, at 0745 AM, another call was made by an Advanta representative where they solicited payment under the conditions

4

previously stated. The Plaintiff offered to make an immediate payment that very day on the spot, but again the representative refused to take the payment at that time. The representative modified the contractual agreement and due date once again to accept payment and conditioned the agreement on the Plaintiff not making a payment with any other representatives that may call, not making it earlier than agreed upon, and to state to anyone else that called soliciting payment that the Plaintiff is working with this representative and to not pay anyone else.

20. In October the payment agreed upon was taken out and the account was modified as agreed upon. Despite this modified agreement and despite telling the Plaintff multiple times to not make a payment and not to pay anyone else, the Defendants intentionally reported false and inaccurate information to TransUnion, Equifax, and Experian, consumer reporting agencies stating among other misrepresentations, that the account was a Charged off and delinquent account, when it was in fact not and then verified it after the Plaintiff disputed the credit reporting. The Defendant Advanta reported this information in a vindictive attempt to harm the Plaintiff's credit standing without regard for the truth, and indeed the Plaintiff lost over $50,000 in credit from other credit grantors, and had other adverse actions taken against him solely for the inaccurate credit reporting by Defendant Advanta.

21. The account was not charged off and payments were on time pursuant to the contract modifications or when the payments were made to Defendant Advanta. The Defendants verified the information was accurate, when it was in fact not, which constitutes multiple violations of the FCRA and are currently reporting an inaccurate 30 day late payment, which is not accurate, pursuant to the contract modifications and payment arrangements. The consumer reporting agencies in question lack reasonable procedures to ensure the maximum possible accuracy of the Plaintiff's consumer file and did not properly investigate Plaintiff's dispute, and the Defendants did not conduct a reasonable investigation of the Plaintiff's dispute and willfully reported inaccurate information and subsequently verified that inaccurate information was accurate.

22. The Defendants on multiple occasions have called using automated telephone dialing systems to harass the Plaintiff by several times per day, calling the Plaintiff on one line, and then calling the Plaintiff on the exact same number tying up his call waiting feature on a second line on the Plaintiff's cell phone essentially placing two phone calls to the Plaintiff at the same time.

23. At no time relevant to this complaint were these calls related in any way to any emergency purpose.

24. At no time relevant to the complaint did the Plaintiff express prior consent to being called with an auto dialer or artificial prerecorded voice.

25. At no time relevant to the complaint did any of the Plaintiff's prerecorded messages clearly state the identity of the business or individual initiating the call, thus the Defendant's violated the 47 USC 227(d)(1)(A) and 47 USC 227 (d)(3)(A)(i). Upon information and belief, this was a willful and knowing omission by the Defendants on each and every call. By violating the TCPA, the defendants also violated the FDCPA by taking action they legally can not do, which is a false or misleading representation in violation of 15 USC 1692(e)(5) and the Texas Finance Code 392.304(19).

26. At no time relevant to the complaint did any of the Plaintiff's prerecorded messages state during or after the call the telephone number or address of such business entity or individual initiating the call, thus the Defendant's violated the 47 USC 227(d)(1)(A) and 47 USC 227 (d)(3)(A)(ii). Upon information and belief, this was a willful and knowing omission by the Defendants on each and every call. This conduct also is a false or misleading representation, which violates 15 USC 1692(e)(5) and the Texas Finance Code 392.304(19).

27. John, and Jane Doe's falsely represented that they were employed by Defendant Advanta and did not state the true business name of the company that he was

working for, which violates both the Texas Finance Code 392.304(19) and the FDCPA, 15 USC 1692(e)(5) and 15 USC 1692(e)(14). These actions would likely deceive or mislead an unsophisticated person and are a deceptive trade practice in violation of the Texas Business and Commerce code chapter 17.

28. The defendants in this case did not establish and implement with due care reasonable practices and procedures to prevent telephone solicitations that violate 47 USC 227 and did not have reasonable procedures in place to prevent a violation of the FDCPA 15 USC 1692 or Texas Finance Code 392 and are a deceptive trade practice in violation of the Texas Business and Commerce Code chapter 17..

29. Upon information and belief, the calls made to the Plaintiff were repeated, malicious, willful, and harassing in nature. In addition, they were calculated and designed to cause embarrassment, annoyance, and humiliation to Brandon Callier.

30. By placing a phone call to a cell phone using a prerecorded message, the Defendant's violated the Telephone Consumer protection Act, 47 USC 227(b)(1)(iii) and the FDCPA, 15 USC 1692(e)(5) and the Texas Finance Code 392.304 and the Texas Business and Commerce Code, chapter 17.

31. By continuing to call after full knowledge that they were calling the wrong person and after Brandon Callier told Defendant Advanta in, clear, direct, explicit, and not uncertain terms to only call him on a different number, Defendant's Advanta, Defendant ACE, and multiple other agents or employees of Defendant Advanta engaged in harassment, which violate 15 USC 1692(d) and the Texas Finance Code 392.302 and is a deceptive trade practice, which violates the Texas Business and Commerce Code, chapter 17

32. By placing a phone call to a cell phone using an automated telephone dialing system, the Defendant's violated the Telephone Consumer Protection Act, 47

7

USC 227(b)(1)(iii) and the FDCPA 15 USC 1692(e)(5) and the Texas Finance Code 392.304, and the Texas Business and Commerce Code, chapter 17 .

33. By violating the Texas Finance Code 392, the defendants have also violated the Texas business and commerce code, chapter 17, pursuant to the Texas Finance Code 392. 404.

34. Pursuant to 47 USC 217 and under the doctrine of agency, the officers, agents, and other persons acting on behalf of Defendant Advanta are also liable for the actions, errors, and omissions of Defendant John/Jane Does.

35. Each and every phone call to the Plaintiff contained not less than: four separate violations of the TCPA, at least one violation of the FDCPA, at least one violation of the Texas Finance Code 392, and at least one violation of the Texas Deceptive Trade Practices Act.

36. Each and every individual that called was a separate and distinct violator of the FDCPA, TCPA, Texas Finance Code 392, and the Texas Deceptive Trade Practices Act.

37. The conduct of the defendants in this affair violated multiple provisions of the Telephone Consumer Protection Act, including but not limited to: 47 U.S.C 227(b)(1)(A)(iii), The Fair Debt Collection Practices Act, 15 USC 1692(e), the Texas Finance Code 392, and the Texas Business and Commerce Code, chapter 17.

## CAUSES OF ACTION:
## COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C 227 Et Seq.

38. Plaintiff Callier incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

39. The foregoing acts, errors, and omissions of each and every Defendant constitutes numerous and multiple violations of the Telephone Consumer Protection Act, including, but not limited to each and every one of the above cited provisions of the Telephone Consumer Protection Act, 47 U.S.C 227et seq.

40. As a result of each and every one of the Defendants' willful or knowing violations of the Telephone Consumer Protection Act, Plaintiff Callier is entitled to statutory damages in the amount up to $1,500 pursuant to 47 U.S.C 227(b)(3)(B) and reasonable attorney's fees and costs from each and every Defendant herein.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 USC 1692 Et Seq.

41. Plaintiff Callier incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

42. The foregoing acts, errors, and omissions of each and every Defendant constitutes numerous and multiple violations of the FDCPA, including, but not limited to each and every one of the above cited provisions of the Fair Debt Collection Practices Act, 15 USC 1692 et. seq.

43. As a result of each and every one of the Defendants' violations of the FDCPA, Plaintiff Callier is entitled to statutory damages in the amount up to $1,000 pursuant to 15 USC 1692(k) and reasonable attorney's fees and costs from each and every Defendant herein.

## COUNT III

## VIOLATIONS OF THE TEXAS FINANCE CODE 392

44. Plaintiff Callier incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

45. The foregoing acts, errors, and omissions of each and every Defendant constitutes numerous and multiple violations of the Texas Finance Code 392, including, but not limited to each and every one of the above cited provisions of the Texas Finance Code 392 et. seq.

46. As a result of each and every one of the Defendants' violations of the Texas Finance Code 392, Plaintiff Callier is entitled to actual and statutory damages of not less than $2,000 per violation and reasonable attorney's fees and costs from each and every Defendant herein.

## COUNT IV
## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT
### Chapter 17 of the Texas Business and Commerce Code

47. Plaintiff Callier incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

48. The foregoing acts, errors, and omissions of each and every Defendant constitutes numerous and multiple violations of the Texas Business and Commerce Code, chapter 17, including, but not limited to each and every one of the above cited provisions of the Texas Business and Commerce Code chapter 17 et. seq.

49. As a result of each and every one of the Defendants' willful violations of the Texas Business and Commerce Code, chapter 17, Plaintiff Callier is entitled to treble damages and reasonable attorney's fees and costs from each and every Defendant herein.

## COUNT V

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 USC 1681 et seq

50. Plaintiff Callier incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

51. The foregoing acts, errors, and omissions of each and every Defendant constitutes numerous and multiple violations of the Fair Credit Reporting Act (hereafter FCRA) 15 USC 1681, et seq, including, but not limited to each and every one of the above cited provisions of the FCRA. .

52. As a result of each and every one of the Defendants' willful violations of the FCRA, chapter 17, Plaintiff Callier is entitled to treble damages and reasonable attorney's fees and costs from each and every Defendant herein.

## PRAYER FOR DAMAGES AND RELIEFS

WHEREFORE, Plaintiff, Callier, respectfully prays and requests that judgment be entered against Defendants Advanta, Transunion, CSC Credit, Experian, and John/Jane Does 1-25 for the following:

A. Declaratory judgment that Defendant Advanta and John/Jane Does 1-25 violated the TCPA, FDCPA, FCRA, Texas Finance Code 392, FCRA, and the Texas Business and Commerce Code chapter 17; and declaratory judgment that the remaining defendants violated the FCRA and Texas Business and Commerce Code chapter 17.

B. Statutory damages in amount of $6,000 for each and every phone call and $1,500 from Defendant Advanta and John/Jane Does 1-25 for violating the TCPA; and

C. Treble damages for all damages for violating the Texas Business and Commerce Code chapter 17, and

D. Statutory and actual damages of $2,000 per violation for violating the Texas Finance code 392, and

E. Statutory damages of $1,000 for violating the FDCPA from each and every defendant herein, and

F. Punitive damages for all claims in the amount of $1 million dollars

G. Attorney's fees for bringing this action; and

H. Costs and expenses of bringing this action; and

I. Actual damages for lost credit in the amount of $50,000, loss of consortium and marital strife of $15,000, the loss of a mortgage refinance of $200,000, and

J. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Brandon Callier,
Plaintiff, Pro Se

## DEMAND FOR JURY TRIAL

Please take notice that the Plaintiffs hereby requests trial by jury in this action.

I, Brandon Callier, Affiant, hereby attest to and certify that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

Brandon Callier

Mailing address:

Brandon Callier

6336 Franklin Trail

El Paso, TX  79912

April 24, 2009

12