IN THE UNITED STATES DISTRICT COURT        FILED

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION        2009 OCT -8  PM 12: 12

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| BRANDON CALLIER, | § | |
| Plaintiff, | § | BY _____ JB _____ |
| | § | DEPUTY |
| v. | § | EP-09-CV-146-DB |
| | § | |
| ADVANTA BANK CORP., et al., | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Defendant Advanta Bank Corporation's

("Advanta") "Motion to Dismiss, or Alternatively, Motion to Transfer Venue," filed in the

above-captioned cause on May 27, 2009.  On June 10, 2009, Plaintiff Brandon Callier filed a

"Motion in Response and Opposition to Defendant Advanta's Motion to Dismiss and Transfer

Venue," to which Advanta replied on June 17, 2009.  For the reasons stated below, the Court is

of the opinion that Advanta's Motion should be granted in part, and the instant claims transferred

to the United States District Court for the District of Utah ("District of Utah").

### BACKGROUND

The instant case arises from Advanta's issuance of a business credit card to

Plaintiff.  Plaintiff filed his Complaint with the Court on April 24, 2009, alleging that various

debt collectors working on Advanta's behalf began making harassing phone calls to Plaintiff's

home in July, August, and September 2008.  Plaintiff further alleges that he entered into a

separate agreement with Advanta in August 2008, whereby Advanta agreed to lower Plaintiff's

interest rate and to waive fees and interest if Plaintiff would bring his account current.  Plaintiff

alleges that an Advanta representative reiterated the terms of this separate agreement in

September 2008, and that Plaintiff began making payments as agreed in October 2008. Nevertheless, Plaintiff contends that, despite this separate agreement, Advanta caused negative information to be placed in Plaintiff's Experian, CSC, and TransUnion files, resulting in Plaintiff's loss of "$50,000 in credit from other credit grantors." As such, Plaintiff claims that Advanta violated the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act, Texas Finance Code 392, the Texas Deceptive Trade Practices Act, and the Fair Credit Reporting Act. Plaintiff seeks a declaratory judgment, statutory damages, actual and treble damages, punitive damages, attorney's fees, and costs. The instant Motion followed.

## STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a party may move to dismiss an action when a case has been filed in an improper venue. FED. R. CIV. P. 12(b)(3). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed. Appx. 612, 615 (5th Cir. 2007). A district court may cure improper venue by transferring the case—on motion or *sua sponte*—to any district or division in which it could have been brought if it is in the interest of justice to do so. *See* 28 U.S.C.A. § 1406(a) (West 2006). A court has broad discretion in determining whether to dismiss or transfer, although transfer is the usual procedure. *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987); 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3827 (3d ed. 2007).

2

## DISCUSSION

Through the instant Motion, Advanta asserts that the claims against it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, transferred to the District of Utah.  Advanta claims that venue is improper as Plaintiff and Advanta entered into a valid forum-selection clause, requiring any litigation between the Parties to be filed in Utah.[1]  Advanta claims that the Business Card Agreement ("First Agreement") sent to Plaintiff upon issuance of the card contained the forum-selection clause.  Further, Advanta asserts that a new Advanta Business Card Agreement ("Second Agreement") was later forwarded to Plaintiff, stating that further use of the credit card after receipt of the Second Agreement would constitute acceptance of the Second Agreement.

In his Response, Plaintiff counters that Advanta failed to demonstrate acceptance of either Business Card Agreement.  Further, Plaintiff contends that the forum-selection clause is irrelevant, inapplicable, and unreasonable, as Plaintiff's claims stem from a breach of Plaintiff's subsequent verbal agreement with Advanta and not the underlying Business Card Agreements.  Further, Plaintiff claims that the instant forum-selection clause is as a result of overreaching as Plaintiff did not have any bargaining power when entering the credit card contract.  Plaintiff asserts that it would be inappropriate for a Utah court to rule on Texas state law claims.  Finally,

---

[1] The forum-selection clause states, in relevant part:

31. CONTROLLING LAW AND JURISDICTION: We are a bank chartered by, and located in, the State of Utah.  This Agreement is made in Utah and we extend credit to you from Utah. . . . YOU CONSENT TO PERSONAL JURISDICTION IN THE STATE AND FEDERAL COURTS IN UTAH AND AGREE THAT ANY LAWSUIT PERTAINING TO THE ACCOUNT MUST BE BROUGHT ONLY IN SUCH COURTS IN UTAH, REGARDLESS OF WHO FILES THE SUIT, AND MAY BE MAINTAINED ONLY IN THOSE COURTS . . . .

Plaintiff asks that he be given the opportunity to conduct discovery prior to any decision on Advanta's Motion. The Court examines the enforceability of the forum-selection clause before turning to its applicability to Plaintiff's claims.

*I. Enforceability of the Forum-Selection Clause*

Federal law applies to a district court's determination of the enforceability of a forum-selection clause. *Haynsworth v. Lloyd's of London*, 121 F.3d 956, 962 (5th Cir. 1997). As such, a motion to dismiss based on a forum-selection clause is examined pursuant to the United States Supreme Court's ("Supreme Court") opinion in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972). *Abramson v. Am. Online Inc.*, 393 F. Supp. 2d 438, 441 (N.D. Tex. 2005). Per *Bremen*, forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." 407 U.S. at 10.

> Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynsworth*, 121 F.3d at 963 (citations omitted). The party resisting enforcement shoulders a heavy burden of proof. *Id.* The Court addresses the unreasonableness factors below.

Before turning to the factors listed above, however, the Court must preliminarily address two of Plaintiff's arguments. First, Plaintiff asserts that Advanta has not demonstrated Plaintiff's acceptance of the First or Second Agreement. Second, Plaintiff alleges that a separate verbal agreement exists between Plaintiff and Advanta and that, therefore, the forum-selection

4

clause is inapplicable to the instant case. As to the first contention, the Court notes that Plaintiff

does not deny receipt of the Business Card Agreements at issue nor, in fact, that he accepted

them. Rather, he argues that Advanta has not offered *credible proof* of his acceptance of these

agreements.[2] Attached to its Motion, Advanta includes the affidavit of Julia Anderson

("Anderson"), an Advanta employee. Anderson indicates that the Second Agreement informed

Plaintiff that continued use of Plaintiff's business credit card would constitute acceptance of the

agreement. Anderson indicates that Plaintiff continued to use the business credit card. As such,

the Second Agreement containing the forum-selection clause became effective. Even taking as

true the existence of a separate verbal agreement between Plaintiff and Advanta, Plaintiff

indicates that this verbal agreement merely changed certain repayment terms between Plaintiff

---

[2] Plaintiff prays the Court stay the instant decision until he can conduct discovery upon Julia Anderson ("Anderson"), an Advanta employee, "to ascertain her actual knowledge of the records she claims to have knowledge of." Further, Plaintiff "made a subsequent agreement with Defendant Advanta, for which the basis of this lawsuit is formed, and by going through the discovery process, the Plaintiff believes there is a good chance of being [sic] produce evidence of this subsequent agreement."

"A party seeking a continuance to conduct discovery [on the issue of a forum-selection clause] must demonstrate 'both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence.'" *Haynsworth v. Lloyd's of London*, 121 F.3d 956, 970 (5th Cir. 1997) (quoting *Liquid Drill, Inc. v. U.S. Turnkey Exploration, Inc.*, 48 F.3d 927, 930 (5th Cir. 1995)). Here, Plaintiff has not carried this burden. Plaintiff seeks a fishing expedition—not discovery—to hopefully produce evidence of the alleged verbal agreement between Plaintiff and Advanta. The instant issue concerns the enforceability and applicability of a forum-selection clause, not Plaintiff's underlying causes of action. As to the forum-selection clause, Plaintiff merely seeks discovery to ascertain Anderson's knowledge of the records. Again, Plaintiff does not deny that he received the subject Business Card Agreements nor that he read them and continued use of his business credit card. Thus, the court finds that Plaintiff's request to stay the instant decision for purposes of discovery should be denied.

and Advanta.[3]  Finally, the Court notes that Plaintiff—not Advanta—shoulders the burden in the instant Motion.  *See id.*  Plaintiff has failed to satisfy his burden in demonstrating that he failed to receive or accept the First or Second Agreement.  Thus, the Court finds these preliminary arguments unavailing, and having considered them, the Court turns to the first factor.

A. *Fraud or Overreaching*

To demonstrate the unreasonableness of a forum-selection clause based on this first factor, the alleged fraud or overreaching must be specific to the clause.  *Id.*  In other words, a "'forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion.'"  *Id.* (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974)) (emphasis in original).  As such, allegations as to the contract as a whole are insufficient to invalidate a forum-selection clause.  *Id.*

Further, the Supreme Court held that "forum-selection clauses contained in form passage contracts [contracts of adhesion] are subject to judicial scrutiny for fundamental fairness."  *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991).  In *Shute*, a forum-selection clause was applied to the Shutes' claims against Carnival Cruise Lines, Inc., even though the Shutes did nothing more than purchase cruise tickets.  Nevertheless, as the Shutes conceded that they received notice of the provision, the Supreme Court held that they "retained the option of rejecting the contract with impunity."  *Id.*  Similarly, in *Haynsworth*, the United

---

[3] The Second Agreement contained both an "Amendment/Change in Terms" clause and a severability clause.  Together, the clauses indicate that Advanta could change, amend, add, and delete the terms of the contract.  Further, the severability clause indicates that an invalid clause would not invalidate the remainder of the Second Agreement.  Thus, even if Plaintiff and Advanta entered into a verbal agreement concerning repayment terms, this may not, in itself, invalidate the entire Second Agreement.

States Court of Appeals for the Fifth Circuit ("Fifth Circuit") held that it is not for the courts "to impose a duty upon one party to counsel the other as to the risks and benefits of a contract." 121 F.3d at 965. Rather, the plaintiff has the duty "to read the plain terms of the agreement . . . ." *Id.*

In the instant case, Plaintiff contends that, even if he had accepted either Business Card Agreement, the forum-selection clause at issue is a result of overreaching because the First and Second Agreements were part of adhesion contracts. Plaintiff has failed to shoulder his heavy burden in proving this contention. *Id.* Plaintiff's allegation of overreaching applies to the contract as a whole. *But see id.* at 963. Plaintiff has not alleged that the forum-selection clause itself is a result of overreaching. Further, although Plaintiff does not concede acceptance of the Second Agreement, Anderson claims that Plaintiff was notified of the right to reject with impunity the Second Agreement by discontinuing use of his business credit card when the Second Agreement was sent to Plaintiff. *See Shute*, 499 U.S. at 595. Plaintiff continued to use his business credit card. That Plaintiff is now being held to the terms of the Second Agreement is Plaintiff's own doing. *See Haynworth*, 121 F.3d at 965. As such, Plaintiff has not satisfied the first prong of the *Bremen* test.

B. *Inconvenience or Unfairness*

Second, a party seeking to demonstrate the unreasonableness of a forum-selection clause must show that enforcement of the forum-selection clause will result in grave inconvenience or unfairness as to the forum. *Id.* In the instant case, Plaintiff failed to raise any argument as to the inconvenience or unfairness of litigating the instant claims against Advanta in Utah. Indeed, Plaintiff brings the instant case *pro se* and can just as effectively prosecute his interests in that forum as in the instant one. Thus, Plaintiff has failed to shoulder his burden in

7

demonstrating the existence of the second *Bremen* factor.

    *C. Fundamental Unfairness*

        Under the third *Bremen* factor, the party resisting the forum-selection clause must

demonstrate that "the fundamental unfairness of the chosen law will deprive [him] of a remedy."

*Id.* Here, Plaintiff raises claims based on federal and Texas state law. As to Plaintiff's Texas

state law claims, Plaintiff argues that application of Texas law "would preclude the case from

being tried in any other state other than Texas," as this would be "inappropriate." As to

Plaintiff's federal law claims, all federal district courts constitute one court.[4] Therefore, the

District of Utah can just as aptly handle Plaintiff's federal claims as the Western District of

Texas. Further, the Court assures Plaintiff that federal courts are adept at engaging in choice of

law analysis and that, in fact, 28 U.S.C. § 1332 governing diversity jurisdiction assumes that the

federal courts may of necessity handle parties from different states and, thus, may likely apply the

law of different states. *See* 28 U.S.C.A. § 1332(a) (West 2006) ("The district courts shall have

original jurisdiction of all civil actions where the matter in controversy . . . is between . . .

citizens of different states . . . ."). As such, Plaintiff has not carried his burden under this factor,

nor has Plaintiff demonstrated that it would be "inappropriate" for the District of Utah to apply

Texas state law, if even such law is applicable to the instant case.[5] Therefore, the Court finds

---

    [4] "The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." U.S. CONST. art. III, § 1.

    [5] The forum-selection clause at issue also constituted a provision governing the controlling law, indicating that any claims "shall be governed solely by and interpreted entirely in accordance with the laws of the State of Utah and any applicable federal laws, regardless of where you reside or where the business is located." The instant Motion solely seeks a determination as to the enforceability of the forum-selection clause, an issue of federal law.

that Plaintiff has failed to carry his burden under the third *Bremen* factor.

    *D. Public Policy*

        Lastly, a party may demonstrate the unreasonableness of a forum-selection clause by showing that enforcement of the clause would contravene a strong public policy of the forum state in which suit is brought. *Haynsworth*, 121 F.3d at 963.  The El Paso Division is one of the seven divisions within the Western District of Texas, one of the four judicial districts of Texas, making Texas the instant Court's forum state.  28 U.S.C.A. § 124 (West 2006).  The Fifth Circuit has held that "enforcement of a forum selection clause against a party who has chosen not to read the terms of [his] contract does not conflict with the public policy interests of the State of Texas." *Abramson*, 393 F. Supp. 2d at 443.  Even if the party reads the terms of his contract, Texas courts have held, similarly to federal courts, that "[f]orum-selection clauses are generally enforceable, and a party attempting to show that such a clause should not be enforced bears a heavy burden." *Flying Diamond-West Madisonville L.P. v. GW Petroleum, Inc.*, No. 10-07-00281-CV, 2009 WL 2707405, at *10 (Tex. App.–Waco Aug. 26, 2009).  Here, Plaintiff fails to address this factor at all.  As such, Plaintiff has not borne his heavy burden of demonstrating that the instant forum-selection clause is contrary to public policy.  Regardless, Fifth Circuit case law and Texas appellate case law both suggest that enforcement of a forum-selection clause is not contrary to Texas public policy.  Therefore, given Plaintiff's failure to demonstrate the unreasonableness of the instant forum-selection clause under any of the *Bremen* factors, the Court finds that the instant forum-selection clause is reasonable and, thus, enforceable.

---

*Haynsworth*, 121 F.3d at 962.  As such, any determination as to whether Utah or Texas state law applies to Plaintiff's claims must necessarily be left to the discretion of the District of Utah.

*II.  Applicability of the Forum Selection Clause to Plaintiff's Claims*

    Having determined that the forum-selection clause is enforceable, the Court now analyzes whether it is applicable to Plaintiff's claims.  A court "must look to the language of the parties' contracts to determine which causes of action are governed by the forum selection clause[]."  *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 222 (5th Cir. 1998). Whether a given forum-selection clause covers a party's claims depends on "how broadly the clause[] [is] worded."  *MaxEn Capital, LLC v. Sutherland*, H-08-3590, 2009 WL 936895, at *6 (S.D. Tex. Apr. 3, 2009).

    Here, Plaintiff argues that "[t]his lawsuit is not over a contractual breach of the agreements presented by" Advanta.  Rather, Plaintiff argues that his claims stem from Advanta's conduct and actions and those of its employees in breaching separate and subsequent agreements. Plaintiff concludes that his "claims of inaccurate credit reporting and state law claims are separate and distinct from any card member agreement."  Plaintiff seems to suggest that the forum-selection clause applies to lawsuits attacking the Second Agreement.  Nevertheless, the Second Agreement clearly applies to "any lawsuit pertaining to *the account*."  Thus, a claim based on a breach of any agreement concerning repayment of the account would still fall within a lawsuit pertaining to the account, as this wording is sufficiently broad so as to cover Plaintiff's claims.  Thus, the Court finds that the forum-selection clause applies to Plaintiff's claims. Therefore, the Court finds that the instant forum-selection clause is both enforceable and applicable.

*III. Dismissal or Transfer*

Plaintiff has failed to satisfy his heavy burden under *Bremen*. As such, "the Court has discretion to either dismiss [his] claims or transfer the case . . . ." *Abramson*, 393 F. Supp. 2d at 443. A transfer must be in the interest of justice. 28 U.S.C.A. § 1406(a). To transfer the instant claims, the Court must sever those claims from those the Plaintiff raised against the remaining Defendants. Federal Rule of Civil Procedure 21 ("Rule 21") provides that "[t]he court may . . . sever any claim against a party." FED. R. CIV. P. 21. "The trial court has broad discretion to sever issues to be tried before it." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). Further, although titled "Misjoinder and Nonjoinder of Parties," Rule 21 is not restricted solely to such cases. *Spencer, White & Prentis Inc. of Conn. v. Pfizer Inc.*, 498 F.2d 358, 361 (2d Cir. 1974). Rather, a court "may invoke Rule 21 in order to sever and transfer claims amenable to transfer," as in the instant case. *Blum v. Gen. Elec. Co.*, 547 F. Supp. 2d 717, 722 (W.D. Tex. 2008).

Here, there is no indication that Plaintiff filed his claims against Advanta in the instant District for any improper purpose. Further, Plaintiff's claims may be barred pursuant to the relevant statute of limitations if the Court dismisses the instant claims. As such, the Court finds that it is in the interest of justice to transfer, as opposed to dismiss, Plaintiff's claims. To do so, the Court finds that Plaintiff's claims against Advanta should be severed from the remaining claims and tried separately in another district. *See id.* Thus, the Court finds that it is in the interest of justice to transfer Plaintiff's claims to the District of Utah.[6]

---

[6] Venue may be laid in any district or division in which the case could have been brought. 28 U.S.C.A. § 1406(a) (West 2006). As such, some courts have interpreted this to mean that Plaintiff must be amenable to both personal jurisdiction and venue in the transferee

## CONCLUSION

In light of the foregoing, the Court finds that the instant forum-selection clause is both enforceable and applicable. First, Plaintiff failed to carry his heavy burden of showing that the forum-selection clause was unreasonable. Second, the Court finds that the broad wording of the forum-selection clause clearly encompasses Plaintiff's claims against Advanta. Next, the Court finds that, rather than be dismissed, Plaintiff's claims against Advanta should be severed pursuant to Federal Rule of Civil Procedure 21 and transferred in the interest of justice to the District of Utah. Thus, the Court is of the opinion that Plaintiff's Motion should be granted in part.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Advanta Bank Corp.'s "Motion to Dismiss, or Alternatively, Motion to Transfer Venue" is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff Brandon Callier's "Motion in Response and Opposition to Defendant Advanta's Motion to Dismiss and Transfer Venue" is **DENIED**.

---

court. 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3827 (3d ed. 2007). Here, the forum-selection clause indicates that acceptance of the clause, as through continued use of the business credit card, would constitute consent to personal jurisdiction and venue in the District of Utah. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14 (1985) ("[T]here are a 'variety of legal arrangements' by which a litigant may give 'express or implied consent to the personal jurisdiction of the court.'"); *Indus. Addition Ass'n v. C.I.R.*, 323 U.S. 310, 313 (1945) (stating that "[w]ant of jurisdiction, *unlike want of venue*, may not be cured by consent . . .") (emphasis added). As such, while the instant case laid venue of the instant claims in an improper division or district, the District of Utah is proper pursuant to the forum-selection clause.

**IT IS FURTHER ORDERED** that Plaintiff Brandon Callier's claims against Defendant Advanta Bank Corp. be **SEVERED** and **TRANSFERRED** to the United States District Court for the District of Utah.

**IT IS FINALLY ORDERED** that the Clerk of the Court **FORWARD** a copy of the instant Order directly to Plaintiff Brandon Callier at the following address:

Brandon Callier
6336 Franklin Trail
El Paso, TX 79912

**SIGNED** this **8th** day of **October, 2009**.

THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

13